I am your honor. You are welcome to begin whenever you're ready. May it please the court, as Matthew Weber for petitioner Willamina Cole. This case is an immigration removal case. The specific issue upon which the appeal is based is the amount of loss to the victim as an element of the removal statute and what has been proven in the record of conviction under the Taylor Modified Categorical Approach. Ms. Cole was originally charged with about 136 counts. We're not sure because we have no indictment as part of a large health fraud scheme. Subsequent to a plea agreement, she pled guilty to three counts, count 150 and 101, as an element of the removal statute makes an alien removable for having been convicted for an offense with a loss to the victim of more than $10,000. Our argument is that the government has not met its burden to prove by clear convincing and unequivocal evidence that the record of conviction demonstrates this. Specifically, when the record of conviction is analyzed, the government has submitted two documents, which are judicially noticeable by the court, includes a judgment and a very long and elaborate plea agreement. Now, the plea agreement lists the elements, the factual basis for the plea, and it lays out the nature of what she pled to, and it is inherently, we believe, inherently contradictory in the sense that she pled guilty to three counts, which consists of one was a health care fraud, and it's with a stated loss amount of $4,800. It's on AR-137, and another count was a false claim with a stated loss of $5,571, actually amount filled. However, the relevant offense upon which the removal order is based is the conspiracy charge count one. The conspiracy charge, specifically in the plea agreement, the scope of the conspiracy and the offense of conviction is limited to four very specific forged physician progress notes. And under this charge, there is no amount of loss to the victim or any amount alleged at all. This, however, is in conflict. There appears at first view in conflict with another part of the plea agreement in which she pled to loss to the victim for sentencing purposes. It says here, specifically on AR-127, the United States will make a nonbinding recommendation. The amount of loss for purposes of the sentencing guidelines is approximately $1.56 million. More precise calculation of loss shall be provided later. And then on the next page, if the defendant further agrees, the amount of restitution owed to the victim for defendant-specific conduct is approximately $1.56 million. Now, this… Now, let me ask you why that statement, which refers to the defendant's specific conduct, doesn't in fact refer to the overt acts which are discussed in the plea agreement. In which case, if you had for those overt acts $1.5 million and then you subtracted the amounts we know of $5,000 and $4,000 more or less, you would still have in excess of $10,000. Yeah, that would, at first glance, that would appear to be the logical thing. But the nature, in fact, of the conspiracy was what she was doing was forging physician progress notes. And, you know, even though the physician pre-sentence report is not on the record of conviction, it illustrates that, in fact, that amount is based on the entire originally charged, the charged indictment of all of the counts. Because each one of these were essentially, as it looks at, each one of these forged notes was for billings in the amount between $2,000 and $8,000 and $6,000, this and that. Where does the, I thought the $3.1 million was the overall amount. Well, there's various amounts. I've gone through it and we can't really tell the whole amount. But it was, originally it was a 400, pre-sentence report is all we have. Unfortunately, the government didn't provide the indictment. Originally it was 400 counts and then there's another one that says 150 and there's one point where it's 136 counts. We're not sure. But if all of those alleged up add up to even $3 million, it's fairly clear that that amount is in conflict with what she has pled to. The issue on this is what is controlling on this. And we believe that the plea to the elements, the elements must specify of the actual conspiracy charge must actually specify the amount on that. Hello? Yes. Are you still there? Okay, I just want to make sure you were still there. Yeah. Okay. You're down to about four and three quarters minutes. I don't know if you were pausing because you were finished or? No. Okay. That's essentially what we have. I mean, we've already gone over in our brief. Our brief essentially lays out our argument. We'll reserve the rest of our time for rebuttal. Okay. Okay. That would be absolutely fine. So we'll now hear from the government. Ms. Winston. You may begin whenever you're ready. May it please the Court. My name is Colette Winston. I represent the Respondent, Attorney General Alberto Gonzalez, in this case. This court is a convicted felon, convicted of an over five-year conspiracy to defraud the United States, specifically Medicare. She and her co-conspirators filed approximately 57,000 false claims. There were 158 counts. Indeed, she did plead guilty to three of them. The first is conspiracy to commit an offense or to defraud the United States. The second is health care fraud. And the third is false, fictitious, or fraudulent claims. Under 8 U.S.C. Section 1252, no court shall have jurisdiction to review any final order of removal against an alien who is removed by reason of an aggravated felony. Thus, the court has restricted jurisdiction in this case to determine if Ms. Cole is an alien and if she's removable by reason of an aggravated felony. In addition, the court has jurisdiction to consider constitutional claims and questions of law under the Real ID Act. Aggravated felony is defined in 8 U.S.C. 1101, page 43M1. There's two parts to the definition. The first part is fraud or deceit. That is not in question here. The second part to the definition is there has to be loss to the victim of over $10,000. This is what is at issue, and this is the only issue in the case. There is ample proof in the record, ample proof to show by clear and convincing evidence that the amount owed to the victim, Medicare, is over $1.5 million. Well, counsel, I think that none of us would deny that there is a huge loss here, so it's kind of a, in a way, a technical argument. But the statute seems to be limited to the counts of conviction. Now, she was convicted of two felonies under two different statutes, and each one was under $10,000. Now, it would seem that in our Chang case that there's a problem, and I think that's what you should be addressing. In the Chang case, Chang said in 2002, this Court said that the pre-sentence investigation report may also be viewed. So if we look at the judgment of conviction, it says the defendant shall pay restitution to victim Medicare in the amount of over $1.5 million. The signed plea agreement, signed by Ms. Cole, states defendant agrees to pay restitution. Defendant further agrees that the amount of restitution owed to victims for defendant's specific conduct is approximately $1.5 million. But this isn't technically the conduct for which she was convicted. She was convicted for the two, 4,000-something and 5,000-something. She was also convicted for conspiracy. And I think that's the bulk of the amount owed is for the conspiracy. Do you do you – because we have the amount for the other two charges, do you agree that, even more narrowly, the question before us is whether there's evidence to support the conspiracy lost as being in excess of $10,000? Yes, I do. Because the other two are not. Well, added up, they are, but each one is not correct. If you look at each one, but there's – there's case law that states that aggregation is fine, even if you didn't want to look at the first count of conspiracy. But even if you look at the second and third count to which she pleaded guilty They add up to $10,000. They add up to $10,000, and it's okay to aggregate those two. So even at the very minimum, it's in excess of over $10,000. I submitted two cases today that deal with that, First Circuit and Fifth Circuit cases. Tell me again why you can aggregate two separate felonies under two different statutes. Because it's all part and parcel of her conduct. And her conduct, it was one conspiracy, and it was one set of conduct, one behavior. And so I believe that you can aggregate two, and the conspiracy charge didn't have any accounts attached to it. But if you look at the entire record, every document talks about over $1.5 million. Now, the conspiracy count is under which statute? The conspiracy count is under 18 U.S.C. 371. And that statute specifically is entitled Conspiracy to Commit Offense or to Defraud the United States. It talks about if two or more persons conspire to commit a defense, each shall be fined. And it's a joint and several liability. So if her co-conspirators don't pay, she is responsible for the entire amount, which is well in excess of $10,000. So we believe that you would look at the entire scheme, the entire scheme to defraud, even though it has three different counts. It's all one offense, in a sense. It would be one offense if we didn't have to separate out by statute. Well, but the statutes are addressed in the record and in the judgment of conviction in the signed plea agreement and in the pre-sentenced investigation report, just to add frosting to the cake. But the cake itself is very clear that every amount of what is owed to the victim is $1.5 million. And she agreed to pay that amount. So she is responsible for that amount. And under the statute, there's fraud or deceit with loss to the victim of over $10,000. She was also – there was also Section U, subsection U, which deals with conspiracy of that offense. So the entire conspiracy would be looked at, and not simply the three or four forgeries of progress notes that she admitted to in the plea agreement. In the plea agreement, she took responsibility for the entire amount, which is well in excess of $10,000. And even assuming that she didn't, you can aggregate the other two counts to be over the $10,000 limit that's required in the definition of aggravated felony. By submitting the judgment that includes the statutorily mandated restitution order and the plea agreement, the government has established by clear and convincing evidence that Ms. Cole has been convicted of an aggravated felony involving fraud or deceit over the amount in which the loss to the victim exceeds $10,000. The court may look at restitution as the amount for this particular statute. And that was addressed in the Ferreira case by the court, that the restitution order is a correct document to look at, the restitution amount being over $1.5 million is well in excess of the $10,000 required by the statute. We ask the court then to deny the petition for review. Thank you. Thank you, counsel. Mr. Weber, you have about four and a half minutes remaining. Okay. Thank you. May I begin? Okay. There's a couple points here. As far as the idea of aggregating the amount, I think this is clearly precluded by the statute. The statute refers to an offense, not offenses. Had Congress intended, under the plain language of the statute, had they intended to allow aggregation, they most clearly could have done so by putting offense or offenses. They did not do that. And this is, under the statutory interpretation, it's interesting that, in fact, the immigration statutes have, there's another statute regarding to multiple convictions which allows, that uses language in terms of plurality, in terms of multiple criminal convictions. However, in this, it should be, the statute has to be taken on its face, that if Congress had wanted to, they would have put an S or another word, or offenses in there. And I think your Honor was correct in noting that these are, not only that, these are separate offenses. They're under separate statutes. That would render them to be quite simply, you know, it just doesn't seem intuitive. And certainly it's against the plain language of the statute. We've addressed that in our brief. The other issue is Ferreira. Now, there's two cases this Court has dealt with on this issue, Chang and Ferreira. And respondents have addressed Ferreira to save it. But I think Ferreira notes that in the issue on Chang, Chang was that Chang noted, and Ferreira notes that Chang noted that the sentencing guidelines allow for consideration of conduct, not charge an indictment or proving to a jury in setting an amount of restitution. And the issue in Ferreira was it was based on, the restitution amount was based on a California statute, which does not. It is distinguished under the federal statute. The federal statute on restitution is broader than the statute upon which the holding in Ferreira was based. And I think that's clear. Counsel, isn't the federal restitution statute also premised on actual loss to a victim? Well, I think it is, but I think here's the thing. This is a plea agreement, and I think the primacy of the plea, I think it's fairly clear that it's irrational to say that out of 101 of these forged progress notes, the conspiracy, the scope of conspiracy to which she pled to and which the conviction is limited to, constituted $1.5 million minus the nine, more than $10,000 for the other two. I think it's that, and it shows that that, in fact, is why restitution amount is not reliable to show for what she was convicted. The second thing about the restitution is that it's not an element of the conviction. Now, Shepard, the U.S. Supreme Court in Shepard, dealt with this when they noted that it has to be based, the determination has to be based on what the plea was necessarily dependent on. And, for example, in this, had they alleged if the statute had referenced a certain amount, it would have, like conspiracy for more than $10,000, then they would have had to allege that amount. However, it did not. So the amount of conspiracy could change on this plea agreement, and the plea, the conviction would have still stayed. And under that logic, we believe that it's not. And it's inherently contradictory, we believe, to say that if four of these constitute, if we have a total of six forged progress notes in this plea agreement, that four of them constitute $1.5 million and the other two constitute slightly more than $10,000. And that's why we believe that the scope of the conspiracy to what she pled has to control over the amount of restitution. On that. Thank you, counsel. Thank you. The case just argued is submitted, and we appreciate the arguments of both parties. And, Mr. Weber, you're free to hang up the phone. Okay, thank you. Thank you. We'll move next to. . .
judges: B. Fletcher, Graber, McKeown